UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRAIG BARFIELD,<br><br>                    Plaintiff,<br>    v.<br><br>KENNETH D LEWIS,<br><br>                    Defendant. | Case No. 2:21-cv-01099-RAJ-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 10, 2022 |

This matter is before the Court on plaintiff's "motion for the court to order the Washington Department of Correction to give plaintiff access to their inmate betterment funds." Dkt. 16. Defendants have responded. Dkts. 18, 19. Plaintiff did not file a reply.

The Court construes plaintiff's motion as a request for a preliminary injunction. For the reasons discussed below, the Court recommends that plaintiff's motion be denied.

## BACKGROUND

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis* alleges First Amendment retaliation claims against his former mental health counselor, defendant Kenneth Lewis. Dkt. 6. In this motion, plaintiff seeks an order compelling non-defendant Washington Department of Corrections ("DOC") to make available money from DOC's

REPORT AND RECOMMENDATION - 1

Incarcerated Individual Betterment Fund (the "Betterment Fund") to enable plaintiff to hire an attorney and a private investigator to assist him in litigating this case.[1] Dkt. 16.

Defendants submitted DOC Policy 200.200, governing the Betterment Fund, which states the purpose of the fund as follows:

> Assets of the betterment fund will be used solely for incarcerated individual betterment activities that enhance the security and orderly operation of a facility by reducing idleness, encouraging positive development of family and community ties, and authorized expenses for incarcerated individuals

Dkt. 19-1 at 3. The Policy expressly prohibits the use of Betterment funds for "Tort claims" or for "legal services." Dkt. 19-1 at 6.

## DISCUSSION

A plaintiff seeking a preliminary injunction must establish (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008).[2] Plaintiff's request for a preliminary injunction fails for three separate reasons.

First, the Court cannot issue an order against an individual or entity that is not a party to the suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969). *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and

---

[1] Plaintiff's motion also refers to additional requests, including the appointment of counsel and the issuance of subpoenas. Dkt. 16 at 16. Plaintiff has filed separate motions addressing those matters (Dkts. 17, 21), which the Court addresses in a separate Order.

[2] The Ninth Circuit also utilizes an alternative "serious questions" test, under which "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

REPORT AND RECOMMENDATION - 2

subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Here, plaintiff seeks to compel action from DOC, which is not a party to this case. The Court therefore lacks jurisdiction to grant the requested relief.

Second, plaintiff's motion seeks relief that has no nexus to the claims pled in plaintiff's complaint. While a preliminary injunction may grant "intermediate relief of the same character as that which may be granted finally," a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Plaintiff's complaint seeks monetary damages from defendant Lewis for retaliation in violation of his First Amendment rights. Dkt. 6. This claim has no connection to DOC's use of the Betterment Fund.

Finally, plaintiff cannot establish a likelihood of success on the merits. Plaintiff requests the funding of a private investigator and attorney to pursue his claims in this case. But the DOC policy governing the Betterment Fund expressly prohibits expenditures for "legal services." Dkt.19-1 at 6. Plaintiff's request is contrary to the terms of the Betterment Fund and therefore also fails on the merits.

REPORT AND RECOMMENDATION - 3

CONCLUSION

For the reasons discussed above, the undersigned recommends that the Court DENY plaintiff's motion to require DOC to provide him access to the Betterment Fund to pay for his prosecution of this case (Dkt. 16).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **June 10, 2022**, as noted in the caption.

Dated this 24th day of May, 2022.

Theresa L. Fricke
United States Magistrate Judge