UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRAIG BARFIELD,<br><br>                      Plaintiff,<br><br>       v.<br><br>KENNETH D LEWIS,<br><br>                      Defendants. | Case No. 2:21-cv-01099-RAJ-TLF<br><br>ORDER GRANTING MOTION TO APPOINT COUNSEL AND DIRECTING THE PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL |

This matter comes before the Court on plaintiff's motion for appointment of counsel. Dkt. 118. Defendants oppose the motion. Dkt. 119.

Generally, the decision to appoint pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). Neither of these factors is dispositive, and the factors must be viewed together before reaching a decision regarding appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In the past plaintiff has moved for appointment of counsel in this matter and the Court has previously denied those motions. Dkts. 7, 11, 17, 31, 57, 70. However,

plaintiff's prior motions were made and decided at earlier stages of the litigation. Since that time the Court has granted in part and denied in part defendant's motion for summary judgment. Dkts. 110, 112. Thus, the litigation has advanced, and the circumstances have changed since plaintiff's prior motions for appointment of counsel were decided.

While the Court cannot, at this time, definitively determine plaintiff's ultimate likelihood of success on the merits, the Court notes that a portion of plaintiff's retaliation claims have now survived a motion for summary judgment and will proceed to trial. Dkts. 110, 112. Furthermore, litigating the merits of plaintiff's remaining retaliation claim through pretrial preparation and trial is likely to significantly increase the complexity of the litigation process.

Therefore, it appears to the Court that plaintiff demonstrates a sufficient potential for success on the merits and, considering the increasing complexity of the litigation process at this stage, that plaintiff is likely to face increasing challenges litigating and articulating his claims *pro se* such that appointment of counsel at this point is warranted.

The Court also notes that plaintiff asserts he faces additional difficulty litigating his case *pro se* due to his mental health issues. Dkt. 118.

There is limited information before the Court regarding the nature and impact of these mental health issues on plaintiff's ability to litigate his case. However, considering the other factors discussed above, the fact that plaintiff's asserted health issues may, to some degree, also impact on his ability to litigate his case *pro se*, also weighs in favor of appointing counsel.

ORDER GRANTING MOTION TO APPOINT COUNSEL
AND DIRECTING THE PRO BONO COORDINATOR
TO IDENTIFY PRO BONO COUNSEL - 2

Accordingly, the Court grants plaintiff's request for appointment of counsel (Dkt. 118) contingent upon the identification of counsel willing to represent plaintiff in this matter, and counsel's appearance in this case. Plaintiff is advised that the identification of counsel willing to represent him in this matter is not guaranteed. If a lawyer is willing and available to take plaintiff's case pro bono, then an appointment would be appropriate.

The Western District of Washington's pro bono coordinator is directed to identify counsel to represent plaintiff, in accordance with the Court's General Order 07-23 ("The United States District Court for the Western District of Washington's Plan for Pro Se Litigant Representation in Civil Rights Actions (As Amended, Effective January 1, 2024)") section 4. If the Court identifies an attorney willing to represent plaintiff, the Court will issue appropriate orders formally appointing pro bono counsel. If appropriate pro bono counsel cannot be found within sixty (60) days of the date of this order, counsel will not be appointed, and plaintiff shall proceed pro se.

The Clerk shall send a copy of this order to plaintiff, counsel for defendants, the pro bono coordinator, and the Honorable Richard A. Jones, Senior District Judge.

Dated this 22nd day of October, 2024.

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING MOTION TO APPOINT COUNSEL
AND DIRECTING THE PRO BONO COORDINATOR
TO IDENTIFY PRO BONO COUNSEL - 3